# Exhibit D-3

**U.S. Department of Justice**

Civil Rights Division

*Assistant Attorney General*
*950 Pennsylvania Ave, NW - RFK*
*Washington, DC 20530*

July 7, 2026

***Via U.S. Mail and Electronic Mail***

The Honorable Steve Hobbs
Washington Secretary of State
Elections Division
P.O. Box 40229, Olympia, WA 98504-0229
elections@sos.wa.gov / secretaryofstate@sos.wa.gov

**Re: The State of Washington's Compliance with Federal Law Governing Voter Eligibility.**

Dear Secretary Hobbs:

This letter is sent to you as the chief election officer of the state of Washington. This letter serves as a notice of the federal laws applicable to state and local election officials to ensure free, fair, and transparent elections. Also attached to this letter is a memorandum titled, "Federal Law Requirements for State and Local Election Officials," which outlines various responsibilities for state and local election officials under federal law and the potential criminal penalties for those who fail to carry out their duties.

Federal law mandates that state and local election officials properly maintain election records and undertake certain actions to ensure that only eligible U.S. citizens cast votes in elections for federal office. This includes: (i) Title III of the Civil Rights Act of 1960 (CRA), 52 U.S.C. § 20701 *et seq.*; (ii) the Voting Rights Act of 1965 (VRA), 52 U.S.C. § 10301 *et seq.*; (iii) the National Voter Registration Act of 1993 (NVRA), 52 U.S.C. § 20501 *et seq*.; and (iv) the Help America Vote Act of 2002 (HAVA), 52 U.S.C. § 20901 *et seq*.

In addition to the Civil Rights Division's authority to seek injunctive relief for violations of these laws, we are also authorized to prosecute criminal violations. Section 12(2)(B) of the NVRA makes it a crime for "an election official" in a federal election to "knowingly and willfully deprive[], defraud[], or attempt[] to deprive or defraud the residents of a State of a fair and impartially conducted election process, by— . . . (B) the *procurement, casting, or tabulation* of ballots that are known by the [election official] to be materially false, fictitious, or fraudulent under the laws of the State in which the election is held." 52 U.S.C. § 20511. For example, knowingly retaining noncitizens on Washington's "State Voter Registration List" (SVRL) and sending such individuals ballots, and then counting such ballots, would constitute the "procurement, casting, or tabulation" of ballots that are known to be false in violation of section 12(2)(B) of the NVRA.

In addition, *any* individual who knowingly and willfully gives false information in registering to vote or in actually casting a vote in violation of 52 U.S.C. § 10307(c) of the VRA, or *anyone* who conspires with another to violate such section, can be criminally prosecuted, subject

to potential fines and imprisonment, in accordance with such section. 52 U.S.C. § 21144 (HAVA). Furthermore, any individual who knowingly commits fraud or knowingly makes a false statement with respect to the naturalization, citizenry, or alien registry of any individual in violation of 18 U.S.C. § 1015 may be criminally prosecuted and if the prosecution is successful, such persons "shall" be fined or imprisoned, or both, in accordance with 52 U.S.C. § 21144.

Moreover, while federal law obviously makes it unlawful for noncitizens to vote in federal elections, 52 U.S.C. § 21144, state election officers, including the chief election officer of the state, could be criminally prosecuted for aiding and abetting the violation of any of these provisions:

- Under 18 U.S.C. § 1015(f), it is a felony for an alien to "claim that he is a citizen of the United States in order to register to vote or to vote in any Federal, State, or local election (including an initiative, recall, or referendum);"

- Under 18 U.S.C. § 911, it is a felony for an alien to "falsely and willfully represent himself to be a citizen;" and

- Under 18 U.S.C. § 611, it is unlawful for an alien to vote in a federal election.

In conclusion, any election officer, including the chief election officer of the state, who knowingly retains noncitizens on the state's SVRL or facilitates noncitizens in receiving and casting ballots could be subject to criminal liability. An intentional act that is aimed at diluting the votes of citizens could also constitute a violation of 18 U.S.C. § 241, which makes it unlawful for two or more persons to conspire to injure any person in the exercise of that person's constitutional rights. We encourage you to contact us to discuss what steps your state should take to maintain clean voter lists as required by law.

The Department of Justice, Civil Rights Division, would like to assist your state in complying with these federal laws. Please respond to this letter within five days informing us how the state of Washington intends to ensure it is complying with these federal laws both at the state and local level and how the Department can assist in those efforts. Please send your written response within five (5) days to William F. Mohrman, Senior Counsel, at william.mohrman@usdoj.gov.

Regards,

Harmeet K. Dhillon
Assistant Attorney General
Civil Rights Division

CC:

The Honorable Nick Brown, Washington Attorney General
P.O. Box 40100, Olympia, WA 98504-0100
serviceATG@atg.wa.gov

# Federal Law Requirements for State and Local Election Officials

Multiple federal statutes place requirements on state and local election officials in conducting safe, fair, accurate, and verifiable federal elections and maintaining state voter registration lists. These include but are not limited to:

**Title III of the Civil Rights Act of 1960 (CRA),** 52 U.S.C. § 20701 et seq., requires that election officers, among other things:

- "[R]etain and preserve" for 22 months after a federal election "all records and papers which come into his possession relating to any . . . registration . . . or other act requisite to voting in such election." 52 U.S.C. § 20701. Failure to "retain and preserve" is a crime punishable by fine or imprisonment, or both. 52 U.S.C. § 20702.

- Make these records available for inspection, reproduction, and copying upon demand by the Attorney General or his representative. 52 U.S.C. § 20703.

**The National Voter Registration Act of 1993 (NVRA)**, 52 U.S.C. § 20501 *et seq.*,[1] was based on the finding that the "right of *citizens* of the United States to vote is a fundamental right" and requires election officials, among other things, to:

- Ensure that any *eligible* applicant is registered to vote in an election. 52 U.S.C. § 20507(a)(1) (emphasis added).

- Ensure that when citizens register to vote through a driver's license or mail-in application process, that application includes a statement that—
  - states each eligibility requirement (including citizenship);
  - contains an attestation that the applicant meets each such requirement; and
  - requires the signature of the applicant, under penalty of perjury. 52 U.S.C. §§ 20504(c)(2)(C) & 20508(b)(2).

- Conduct a general program that makes a reasonable effort to remove from the official lists of eligible voters the names of ineligible voters by reason of death or change in residence. 52 U.S.C. § 20507(a)(4).

---

[1] Pursuant to the NVRA, the following six states are exempted from compliance with the NVRA: Idaho, Minnesota, New Hampshire, North Dakota, Wisconsin, and Wyoming. 52 U.S.C.A. § 20503 (b).

- "[P]rovide that the name of a registrant may not be removed from the official list of eligible voters except" in four situations: (1) the request of the registrant, (2) the registrant's criminal conviction or mental incapacity, (3) the death of the registrant, and (4) the registrant's confirmed change of address. 52 U.S.C. §§ 20507(a)(3), 20507(a)(4).

- Complete, not later than 90 days prior to the date of a primary or general election for federal office, programs to systematically remove the names of ineligible voters from the official lists of eligible voters, 52 U.S.C. § 20507(c)(2), provided that the 90-day cut-off does not apply to the removal of non-citizens who were never eligible to register in the first place. *See, e.g., Bell v. Marinko*, 367 F.3d 588, 591-592 (6th Cir. 2002) ("In creating a list of justifications for removal, Congress did not intend to bar the removal of names from the official list of persons who were ineligible and improperly registered to vote in the first place."); *contra, e.g., Arcia v. Florida Sec'y of State,* 772 F.3d 1335, 1346 (11th Cir. 2014).

- Maintain for at least 2 years and make available for public inspection all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters. 52 U.S.C. § 20507(i)(1).

- Avoid depriving or defrauding the residents of a state of a fair and impartially conducted election process, by the *procurement, casting, or tabulation* of ballots that are known to be materially false, fictitious, or fraudulent under the laws of the state, 52 U.S.C. § 20511, which may include retention of noncitizens on a state's SVRL. Violation of this provision is a crime.

**The Help America Vote Act of 2002 (HAVA)**, 52 U.S.C. § 20901 *et seq.*, provides minimum standards to ensure that voter registration records are accurate and updated regularly, and requires states, among other things, to:

- Implement, in a uniform and nondiscriminatory manner, a single, official, centralized, interactive computerized statewide voter registration list at the state level that contains the name and registration information of every *legally* registered voter in the state and assigns a unique identifier to each legally registered voter in the state. 52 U.S.C. § 21083(a)(1)(A).

- Perform voter list maintenance on a regular basis, including removing registrants in accordance with the NVRA, 52 U.S.C. § 21083(a)(2)(A), and removing registrants who are ineligible to vote. 52 U.S.C. § 21083(a)(4)(A).

- Reject for processing an application for voter registration for an election for federal office unless the application includes the applicant's unique identifier for purposes of the state's SVRL:
  - driver's license number;
  - if the applicant has no driver's license, then the last 4 digits of the applicant's social security number; or
  - if the applicant has neither a driver's license nor social security number, then a state-assigned number which will serve to identify the applicant for voter registration purposes. 52 U.S.C. § 21083(a)(5)(A).
- Include the following in the mail-in voter registration form developed under HAVA:
  - The question "Are you a citizen of the United States of America?" and boxes for the applicant to check to indicate whether the applicant is a citizen of the United States. 52 U.S.C. § 21083(b)(4)(a)(i).
  - The question "Will you be 18 years of age on or before election day?" and boxes for the applicant to check to indicate whether or not the applicant will be 18 years of age or older on election day. 52 U.S.C. § 21083(b)(4)(a)(ii).
  - The statement "If you checked 'no' in response to either of these questions, do not complete this form." 52 U.S.C. § 21083(b)(4)(a)(iii).
- Provide voters with an opportunity to privately and independently verify, change, or correct their ballot before it is cast and counted. 52 U.S.C. § 21081(a)(1)(A)(ii).
- Produce through the state's voting systems a permanent paper record for purposes of manual recounts and audits. 52 U.S.C. § 21081(a)(2)(B).

HAVA also provides it is illegal for anyone to provide false information or commit fraud in conjunction with a noncitizen registering to vote or casting a ballot, or conspiring with those who engage in such acts, which may include election officials who knowingly conspire with noncitizens who illegally register to vote or cast a ballot. 52 U.S.C. § 21144 (a) & (b). Violations carry criminal penalties under 52 U.S.C. § 10307(c) and 18 U.S.C. § 1015 of up to a $10,000 fine or imprisonment of up to five years. This includes election officials who knowingly conspire with noncitizens to secure false information on registrations. 52 U.S.C. § 21144 (a).

**Criminal Liability:** In addition, several provisions of federal law make it unlawful for noncitizens to vote in federal elections, and an election officer could be criminally liable for aiding and abetting under 18 U.S.C. §2 for the violation of any of these provisions or knowingly including noncitizens on the state's SVRL:

- Under 18 U.S.C. § 1015(f), it is a felony for an alien to claim that he is a citizen of the United States in order to register to vote or to vote in any federal, state, or local election (including an initiative, recall, or referendum).

- Under 18 U.S.C. § 911, it is a felony for an alien to falsely and willfully represent himself to be a citizen.

- Under 18 U.S.C. § 611, it is unlawful for an alien to vote in a federal election.

- An election officer who knowingly takes an action aimed at retaining noncitizens on the state's SVRL could be subject to criminal liability under 18 U.S.C. § 241.

**Cybersecurity**: The Department of Homeland Security designated election systems as a critical infrastructure subsector in January 2017, and state and local election officials are on the front lines to ensure that election and voting systems are secure and free from interference by foreign or domestic actors.

- The **Cybersecurity and Infrastructure Security Agency** has created the Election Security Risk Profile Tool to assess your local election system risk and ensure that technical cybersecurity assessments and services meet critical needs.

- Election officials should visit the CISA website (https://www.cisa.gov/cybersecurity-toolkit-and-resources-protect-elections) and follow all applicable guidelines to perform their duties in keeping American elections secure from cyberthreats.