# Exhibit D-4

**U.S. Department of Justice**

Civil Rights Division

*Voting Section - 4CON*
*950 Pennsylvania Ave, NW*
*Washington, DC 20530*

September 4, 2026

Via Electronic Mail

The Honorable Steve Hobbs
Washington Secretary of State
Elections Division
Olympia, WA 98504

Re: Maintenance of All Election Records in Your Possession as Chief Election Officer During Pending Litigation

Dear Secretary Hobbs:

We represent the United States in enforcing your duties as the chief election officer of the State of Washington under the Civil Rights Act of 1960 ("CRA"), codified at 52 U.S.C. § 20701, *et seq*. As you are aware, you are currently under investigation and ongoing litigation as to the extent to which you have failed to comply with your duties under the CRA as well as the National Voter Registration Act ("NVRA"), codified at 52 U.S.C. § 20501 *et seq.*, and Help America Vote Act of 2002 ("HAVA"), codified at 52 U.S.C. § 20181, *et seq*. You were initially put on notice of this investigation based on our letters to your office in 2025 and the subsequent litigation that followed. These letters notified you of your duty to preserve election records which have come into possession under the CRA for the prior 22 months, including records from the 2024 federal election.

The purpose of this letter is to notify you of your obligations to take reasonable steps to conduct a litigation hold and preserve and retain all hard copy documents and electronically stored information ("ESI"), as defined by Rule 34 of the Federal Rules of Civil Procedure, which may be relevant, or likely to lead to the discovery of admissible evidence. The duty to preserve records supersedes any statutory limitations, especially where the party "has notice that the evidence is relevant to litigation." *Thompson v. U.S. Dept. of Housing and Urban Development*, 219 F.R.D. 93, 100 (D. Md. 2003). While the CRA requires that election officials preserve election records for 22 months after an election, this Litigation Hold letter would override any argument that you would now be authorized to destroy such records related to the 2024 election. The SVRLs and other election records relevant to the 2024 election, as well as current records, are relevant to the litigation.

To fulfill your preservation obligation, you must take reasonable steps to preserve all hard copy documents and ESI which constitute Relevant Information, including, but not limited to:

(a) Suspending your document and data destruction and backup tape recycling policies;

(b) Retaining software, hardware, or other information required to access or view the ESI, such as:

1. identification codes;
2. passwords;
3. decryption applications;
4. decompression software;
5. reconstruction software;
6. network access codes;
7. manuals; and
8. user instructions;

(c) Taking special measures to ensure the preservation of:

1. archived or deleted ESI;
2. ESI stored in a database;
3. computer logs;
4. metadata, including the date ESI was created, the date ESI was last modified, the name of the individual who created the ESI as well as all other metadata fields; and

(d) Taking any other reasonable steps necessary to prevent the destruction, loss, override, or modification of relevant data, either intentionally or inadvertently, such as through modification of your document retention policy and systems.

To make this clear - All ESI must be preserved intact and without modification. The above list is not exhaustive, and you must preserve all information that is potentially relevant to any lawsuit the United States files against you.

Your failure to preserve relevant data may constitute spoliation of evidence, which may subject you to civil and criminal sanctions. We trust that you will preserve for the duration of our investigation and any subsequent litigation all Relevant Documents. In the event of a dispute arising out of your failure to preserve documents, we will rely on this letter in court as evidence of our request for litigation hold and notice of your preservation obligations.

Please direct any questions to Eric Neff, Acting Chief of the Voting Section, at Eric.Neff@usdoj.gov. Failure to preserve and then timely produce the requested records upon further request may result in the United States seeking a court order for production of such records. 52 U.S.C. § 20705.

Thank you in advance for your cooperation.

Regards,

Eric Neff
Acting Chief, Voting Section
Civil Rights Division

cc: Attorney Tera Heintz (Tera.Heintz@atg.wa.gov)