The Honorable Jamal N. Whitehead

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| OneAmerica Votes, et al.,<br>Plaintiffs,<br><br>v.<br><br>Donald J. Trump, in his official capacity as President of the United States, et al.,<br>Defendants. | Case No. 2:26-cv-04223-JNW<br><br>PLAINTIFFS' NOTICE TO WITHDRAW PENDING MOTION FOR PRELIMINARY INJUNCTION (Dkt. No. 12) |



ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

PLEASE TAKE NOTICE that, pursuant to Local Civil Rule 7(l), Plaintiffs OneAmerica Votes, Latino Community Fund of Washington State, and United Food and Commercial Workers International Union respectfully withdraw the portion of their Motion for a Temporary Restraining Order and Preliminary Injunction, Dkt. No. 12, that seeks a preliminary injunction. Defendants represent to the Court that, based on the Court's November 5 Order, Defendants have refrained from the conduct the temporary restraining order restrains related to the November 3, 2026 election and that Defendants will not resume that conduct before Washington certifies the election results on December 3, 2026.

Plaintiffs filed this suit to enjoin Defendants from demanding that Washington state and local election officials set aside and refuse to count ballots based on flawed lists of alleged "noncitizen voters." *See* Compl., Dkt. No. 1. These demands put the votes of Plaintiffs' members—and many more Washingtonians—at risk of being set aside and left uncounted and had chilling effects on participation in Washington's elections. *See* Compl. ¶¶ 86–87. With election day looming and Defendants' escalating threats of criminal sanctions against election officials, Plaintiffs moved for emergency relief on November 2. *See* Pls.' Mot. TRO and Prelim. Inj., Dkt. No. 12. In order to ensure that Washington elections were conducted free of intimidation and disenfranchisement, Plaintiffs sought a temporary restraining order and preliminary injunction to prohibit Defendants' then-ongoing conduct. *See generally id.* Defendants opposed this relief, Defs.' Opp'n Mot. TRO and Prelim. Inj., Dkt. No. 19, and tried to downplay their demands as merely "a letter reminding state officials that 'federal law prohibits noncitizens from voting in federal elections,'" *see id.* at 21–22 (quoting Dkt. No. 12-10).



ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

The Court issued a temporary restraining order on November 5, providing Plaintiffs the protection they sought. Order, Dkt. No. 21 ("TRO Order"). The Court found that at least one Plaintiff group likely had standing, TRO Order 16, and that Plaintiffs were likely to succeed on their claim that Defendants exceeded their authority under the Elections Clause, TRO Order 19. Crucially, the Court also determined that "Defendants' demand was not a request Washington could decline and be done with," but rather "a directive to set aside specific ballots, backed by threats of prosecution, that Defendants repeated after the State refused and have said they will keep making." TRO Order 8. The Court thus restrained Defendants from "directing or demanding" that Washington state or local election officials (1) remove voters from registration lists, (2) refuse to issue ballots to specific voters, or (3) set aside any ballots returned by specific voters. TRO Order 24. The Court further ordered that Defendants refrain from threatening state and local election officials with criminal consequences in relation to such demands. TRO Order 24. The temporary restraining order remains in effect until November 19. TRO Order 25. The Court set a hearing on Plaintiffs' preliminary injunction motion for November 18. TRO Order 25.

Now, after the election has largely concluded under the protection afforded by the Court's temporary restraining order, Defendants' brief in opposition to a preliminary injunction represents that their threats and demands have ceased. *See generally* Opp'n Mot. Prelim, Inj., Dkt. No. 22 ("PI Opp'n"). Defendants confirm that, pursuant to the temporary restraining order and the nationwide injunction imposed in *League of Women Voters v. United States Department of Homeland Security*, No. 26-cv-3602-TSC, 2026 WL 3316699 (D.D.C. Nov. 2, 2026), "Defendants have not taken the potential future actions the Court was concerned about," PI Opp'n. 3, and assert that "Defendants . . . now cannot[] take future



ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

action" with regard to their demand that Washington election officials segregate ballots cast by voters on Defendants' purported list of noncitizens, PI Opp'n 6. In other words, now that the election has taken place under the terms of the temporary restraining order, Defendants conclude that "the matter has ended." PI Opp'n 3.[1]

Having achieved these protections for the period during which most ballots in the State have been processed, in reliance on Defendants' representations to this Court quoted above, and in the interest of judicial economy, Plaintiffs now withdraw their motion for a preliminary injunction. Accordingly, Plaintiffs respectfully submit that the Court need not hear the motion as noted on November 18, 2026. This withdrawal is without prejudice and is conditioned on the continued accuracy of Defendants' representations. Plaintiffs reserve the right to seek further emergency relief if the circumstances so require, and nothing in this notice withdraws or waives any claim or allegation in Plaintiffs' Complaint.

---

[1] Contrary to Defendants' suggestion, it was this Court's temporary restraining order—not the Secretary's refusal to give in to Defendants' demands—that "ended" their conduct. *See* PI Opp'n 6. Indeed, the day after Secretary Hobbs declined Defendants' demand, Defendant Serrano stated publicly that Defendants would "continually demand that these [ballots] are segregated" and "may just have to cut the state out" by taking their demands to county election officials. TRO Order 7–8 (quoting Dkt. No. 12-24). Defendants' intimidation continued after the Secretary rebuffed their efforts—and ceased upon the Court's issuance of the temporary restraining order. *See* PI Opp'n 6.



ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177

Dated: November 14, 2026 Respectfully submitted,

/s/ Abha Khanna
**ABHA KHANNA**
WA Bar No. 42612
**TYLER L. BISHOP**
WA Bar No. 63821
**WALKER McKUSICK**
WA Bar No. 63205
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law
tbishop@elias.law
wmckusick@elias.law

**LUCAS W. LALLINGER***
DC Bar No. 1046778
**HARLEEN K. GAMBHIR***
DC Bar No. 1781869
ELIAS LAW GROUP LLP
250 Massachusetts Ave. NW, Suite 400
Washington, DC 20001
(202) 935-1148
llallinger@elias.law
hgambhir@elias.law

*Attorneys for Plaintiffs*

**Admitted Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I hereby certify that pursuant to this court's "CM/ECF Scheduled System Unavailability: November 13-16, 2026" and the U.S. District Court, Western District of Washington Electronic Filing Procedures for Civil and Criminal Cases Amended 3/6/2026 § VI(A), the foregoing was filed on November 14, 2026 by emailing filing@wawd.uscourts.gov. Additionally, a copy of provided to counsel for Defendants and the Chambers of Hon. Jamal N. Whitehead via email on the same date.

Dated: November 14, 2026 Respectfully submitted,

*/s/ Abha Khanna*
**ABHA KHANNA**
WA Bar No. 42612
ELIAS LAW GROUP LLP
1700 Seventh Avenue, Suite 2100
Seattle, WA 98101
(206) 656-0177
akhanna@elias.law

*Attorneys for Plaintiffs*